## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

AMANDA GARAVAGLIA, et al.    )
                              )
          Plaintiffs,          )
v.                            )
                              )    Case No.
BRAZILIAN PROFESSIONALS, LLC   )
SERVICES LLC, et.al.           )
                              )
          Defendants.     )

## DEFENDANTS' NOTICE OF REMOVAL

COME NOW Defendants Brazilian Professionals, LLC ("BP"), and GIB, LLC ("GIB"),

by and through counsel, and files this Notice of Removal under 28 U.S.C. § 1446(a).

**I.      INTRODUCTION**

1.      On October 3, 2023, Plaintiffs, who are each Kansas residents, filed their Petition

in the Circuit Court of Jackson County, Missouri, against three defendants: GIB, a California

company; BP, a California company; and SSG, LLC ("SSG"), a Missouri limited liability

company. Highly summarized, Plaintiffs alleged that Brazilian Blowout, a product manufactured

and distributed by GIB and BP, caused them to develop cancer, and that SSG—the local Missouri

retailer of the product—should have known about the dangers of Brazilian Blowout when SSG

sold it to Plaintiffs.

2.      The domicile of the members of SSG destroyed diversity, making the case

irremovable.

3.      Plaintiff Amanda Garavaglia claims she was first diagnosed with uterine cancer in

July 2015 and was later diagnosed with ovarian cancer in January 2018. (See Garavaglia's

responses to SSG's Interrogatories, attached as Ex. A).

4.     Plaintiff Megan Matson alleges her daughter, M.M., was exposed to Brazilian Blowout *in utero* in 2014 and was diagnosed with leukemia in 2019. (See Matson's responses to SSG's Interrogatories, attached as Ex. B See also Ex. D, Plaintiffs' First Amended Petition, at ¶90).

5.     Plaintiffs served discovery requests on SSG on March 1, 2024. On May 1, 2024, SSG served their responses to Plaintiffs' discovery requests along with a batch of documents, which included invoices that show SSG did not begin selling Brazilian Blowout to Plaintiffs' workplaces until March 2018—five years after Plaintiff M.M.'s alleged exposure and two months after Plaintiff Amanda Garavaglia's latest cancer diagnosis. (See the invoices produced by SSG, attached as Ex. C). Therefore, no product sold by SSG could have caused Plaintiffs' alleged damages.

6.     Both SSG, who produced the invoices, and Plaintiffs, who received the invoices, knew or should have known that Plaintiffs had no valid claim against SSG in May 2024.

7.     Plaintiffs have not requested, nor has SSG has produced, any additional documents since May 2024. Moreover, Plaintiffs did not seek to depose anyone from SSG.

8.     Despite the evidence that SSG was not a proper defendant, Plaintiffs maintained their claims against SSG for seven more months until December 20, 2024, when Plaintiffs voluntarily dismissed their claims against SSG with prejudice. Notably, during this time, the one-year removal limit set forth in 28 U.S.C. § 1446(c)(1) lapsed.

9.     Plaintiffs dismissed SSG from this action <u>one</u> day after Defendants made a cross-claim for contribution against SSG on December 19, 2024.

10.     Between May and December 2024, SSG did not actively defend against Plaintiffs' claims, nor did Plaintiff actively prosecute their claims against SSG. For example, the parties

convened for eight depositions before SSG's dismissal, yet SSG's attorneys did not attend any of them. This included the depositions of the Plaintiffs.

## II.  BASIS FOR REMOVAL

11.  Removal is proper because there is complete diversity of citizenship between the remaining parties. See 28 U.S.C. § 1332(a). This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because it is a civil action where the matter in controversy exceeds $75,000, excluding interest and costs, and is between citizens of different states.

    a.  Plaintiffs are domiciled in Kansas and are residents of Johnson County, Kansas. (See Ex. D, Plaintiffs' First Amended Petition, at ¶ 1–3).

    b.  GIB is a limited liability company whose members are domiciled in California and are California residents, as follows:

        i.  Monte Devin Semler: Elderoak Road, Thousand Oaks, CA 91361

        ii.  Britney Joy Huinker: Elderoak Road, Thousand Oaks, CA 91361

    c.  BP is a limited liability company whose members are domiciled in California and are California residents.

        i.  Gary Eisenberger: Sweetwater Mesa Road, Malibu, CA 90265

        ii.  Shane Semler: Paradise Cove Road, Malibu CA 90265

12.  Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court in which the suit has been pending, the Circuit Court of Jackson County, Missouri, is located in this district.

13.  A copy of the docket sheet, as well as copies of all pleadings, process, orders, and other filings in the state-court suit are attached hereto as Exs. E, and F as required by 28 U.S.C. §1446(a).

14.  Defendants will promptly file a copy of this notice of removal with the Clerk of the Circuit Court of Jackson County, Missouri, where the suit has been pending.

15.     Plaintiffs demanded a jury trial in the state court Petition.

**III.     STATE COURT SERVICE AND TIMELY NOTICE OF REMOVAL**

16.     Removal is timely because Plaintiffs have acted in bad faith to prevent GIB and BP from removing this case.

17.     Under 28 U.S.C. § 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." The statute is designed to ensure that plaintiffs are unable to use removal-defeating strategies designed to keep the case in state court until after the 1-year deadline has passed. See *Sloss v. Tyson Fresh Meats*, 2018 WL 9815609, at *2 (S.D. Iowa Dec. 17, 2018), quoting H.R. Rep. No. 112-10, at 15 (2011).

18.     Plaintiffs maintained their claims against SSG for months after they knew them to be meritless for the sole purpose of avoiding removal to federal court. Plaintiffs only dismissed their claims against SSG after the one-year removal limit had lapsed and after Defendants asserted a cross-claim against SSG.

19.     Plaintiffs' course of conduct to avoid removal of this case to this Court constitutes bad faith and, therefore, this case may be removed more than one year after its commencement under 28 U.S.C. § 1446(c)(1).

20.     Plaintiffs dismissed SSG from this case (thereby creating complete diversity) on December 20, 2024, making this notice of removal within the 30-day period required by 28 U.S.C. § 1446(b)(1).

WHEREFORE, for the reasons stated above, Defendant hereby removes this action from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri.

Respectfully submitted,

**LITCHFIELD CAVO LLP**

By: */s/ Blaine P. Smith*_____
Matthew A. Tate         MO # 67463
Blaine P. Smith         MO # 74504
10401 Holmes Road, Suite 220
Kansas City, MO 64131
(816) 648-1400 PHONE
(816) 648-1401 FAX
tate@litchfieldcavo.com
smithb@litchfieldcavo.com

*ATTORNEYS FOR DEFENDANTS*
*GIB, LLC, AND BRAZILIAN*
*PROFESSIONALS, LLC*

**GOLDBERG SEGALLA LLP**

By: */s/ David P. Renovitch*_____
David P. Renovitch    MO # 57065
8000 Maryland Avenue, Suite #640
Clayton, MO 63105
(314) 446-3350 PHONE
(314) 446-3360 FAX
drenovitch@goldbergsegalla.com

*ATTORNEYS FOR DEFENDANTS*
*GIB, LLC, AND BRAZILIAN*
*PROFESSIONALS, LLC*