# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AMANDA GARAVAGLIA, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 25-00014-CV-W-LMC |
| BRAZILIAN PROFESSIONALS, LLC, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants' Motion for Limited Discovery Regarding Diversity in Federal Court Motion to Remand and Extension of Time to Respond to Plaintiffs' Motion to Remand (Doc. #11). Defendants seek "limited discovery and a court order allowing Defendants to depose counsel for SSG for the limited purpose of asking questions regarding any conversations, communications, or agreements with Plaintiffs' counsel with respect to SSG, keeping SSG in the case long enough to defeat complete diversity, assurances, agreements, guarantees, or promises that SSG would be dismissed with prejudice after the one (1) year period expired but before trial, other circumstances surrounding the dismissal of SSG when Plaintiffs did so, and any other topics that may have direct bearing on Plaintiffs' Motion to Remand." (Doc. #11 at 5-6.)

Defendants have not provided any case law supporting their right to discovery on the matter of whether plaintiff acted in bad faith pursuant to 28 U.S.C. § 1446(c)(1). The Court notes that at least one court has found discovery is not permitted to determine bad faith. *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1263 (D.N.M. 2014) (finding that a "defendant may introduce direct

evidence of the plaintiff's bad faith at this stage—e.g., electronic mail transmissions in which the plaintiff states that he or she is only keeping the removal spoiler joined to defeat removal—*but will not receive discovery or an evidentiary hearing in federal court to obtain such evidence*." (emphasis added)).

Defendants rely on case law that states "[d]iscovery is not limited to the merits of a case; where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (internal quotes and citations removed). Whether to allow discovery is within the discretion of the district court. Where, however, a party offers only "speculation or conclusory assertions" regarding the need for such discovery, a court may utilize its discretion in denying discovery on the matter. *Raridon & Assocs. Orthopedics, Inc. v. Schmidt*, 2023 WL 1489905, at *5 (S.D. Iowa Jan. 24, 2023); see also *Curators of Univ. of Missouri v. Corizon Health, Inc.*, 627 F. Supp. 3d 1030, 1040 (W.D. Mo. 2022) (holding that a court may deny discovery where the party seeking discovery "offers only speculation about what discovery will produce.") The party seeking discovery has the "burden of demonstrating that jurisdictional discovery is warranted[.]" *Niemann v. Carlsen*, 2023 WL 2598065, at *1 (E.D. Mo. Mar. 22, 2023).

Assuming, *arguendo*, that discovery is permitted to determine whether bad faith exists under 28 U.S.C. § 1446(c)(1), Defendants' request for discovery is based on speculation and conclusory allegations. Defendants state that "Plaintiffs maintained their claim against SSG for months after they knew them to be meritless for the sole purpose of avoiding removal to federal court. Plaintiffs only dismissed their claims against SSG after the one-year removal limit had lapsed and after Defendants asserted a cross-claim against SSG." (Doc #11 at 4.) In attempting to provide some basis for their conclusory allegations, Defendants provide an email exchange

2

between counsel for SSG[1] and the remaining Defendants. (Doc. #11-2.) The email exchange does not provide any basis for believing that Plaintiffs and SSG agreed not to dismiss the case until after the one-year mark. Instead, counsel for SSG stated that he does "not think it is appropriate for me, counsel for a former party to this litigation, to testify by affidavit or otherwise without the existing parties having a full and fair opportunity to litigate all the associated issues with a Judge." (Doc. #11-2 at 3.) Defendants' attempts are nothing more than a fishing expedition. This Court, therefore, denies Defendants' Motion for Limited Discovery Regarding Diversity in Federal Court Motion to Remand and Extension of Time[2] to Respond to Plaintiffs' Motion to Remand (Doc. #11).

**IT IS SO ORDERED.**

/s/ Lajuana M. Counts
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE

---

[1] For some inexplicable reason, SSG's counsel's identity has been redacted from the exhibit.
[2] The Court notes that the title of the motion shows a request for an extension of time to respond to Plaintiff's motion to remand, however nothing in the body of the motion speaks to that request.